DOMENGEAUX, Judge.
Larry T. Bizette and Theresa J. Bizette, plaintiffs-appellants and domiciliaries of Lafayette Parish, filed suit in Lafayette Parish to recover medical insurance benefits from: (1) Blue Cross of Louisiana, domiciled in East Baton Rouge Parish, Louisiana; (2) Gallagher/Bassett Insurance Company, a foreign corporation with its agent for service of process in Orleans Parish, Louisiana; and (3) the State of Louisiana Employees Group Benefits Program, domiciled in the parish of East Baton Rouge, Louisiana. The State of Louisiana filed a declinatory exception of improper venue. The trial court sustained the exception and dismissed the action as to the State. The Bizettes appeal. We affirm.
The sole issue is whether or not the trial court erred in sustaining the exception of improper venue.
The Bizettes filed suit against all insurance companies which have provided medical benefits to Mr. Bizette.[1] Next, the Biz-ettes allege that all the named defendants including the State of Louisiana are soli-dary obligors. Thus the plaintiffs contend that venue is proper as to the State of Louisiana on the basis of La.C.C.P. Art. 73 which provides as follows:
“An action against joint or solidary obligors may be brought in any parish of proper venue, under Art. 42, as to any obligor who is made a defendant.” (Emphasis added).
The trial court sustained the State’s exception of improper venue basing its decision on La.C.C.P. Art. 84 which provides in pertinent part:
“Actions involving the Louisiana State Employee Group Benefits Program, State Police Pension and Relief Fund, ... shall be brought in the Parish of East Baton Rouge or in the Parish of the domicile of the retirement system or employee benefits program.” (Emphasis added).
Obviously there is a conflict in the venue provisions applicable to this case. The conflict is between the permissive provisions of La.C.C.P. Art. 73, and the mandatory provision of La.C.C.P. Art. 84.
We need not consider whether these defendants are solidary obligors and/or whether Lafayette Parish is the proper venue under La.C.C.P. Art. 42 for any of these defendants, since we conclude that in the case of a conflict between La.C.C.P. Art. 84 and La.C.C.P. 73 that the mandatory provisions of La.C.C.P. Art. 84 should control.
*11 La.C.C.P. Art. 84 specifically commands that an action against the State of Louisiana, Employee Group Benefits Program “shall” be brought in East Baton Rouge Parish while La.C.C.P. Art. 73 only permissively states that an action against solidary obligors “may” be brought in any parish of proper venue. Therefore, we conclude that the trial court did not err in sustaining the exception of improper venue.[2]'
For the above and foregoing reasons, the judgment of the trial court sustaining the State of Louisiana’s declinatory exception of improper venue is affirmed. Costs at trial in connection with this exception, and costs on appeal are assessed against plaintiffs-appellants, Larry T. and Theresa J. Bizette.
AFFIRMED.

. See La.C.C.P. Art. 76 which provides in pertinent part:
"An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.”

. Although not necessary for determination of this case, it should be noted that La.C.C.P. Art. 45 provides in pertinent part:
"The following rules determine the proper venue in cases where two or more articles in this Chapter may conflict:
(1) Article 78, 79, 80, 81, 82, and 83 governs the venue exclusively, if this article conflicts with any of Articles 42 and 71 through 77, In connection therewith, we take cognizance of the fact that La.C.C.P. Art. 84 was enacted subsequent to Art. 45. Article 84 was placed among the Articles which Article 45 deems as “exclusively" controlling. It is arguable the Legislative intent was for La.C.C.P. Art. 84 also to be an exclusively controlling Article in the case of a venue conflict. It is suggested that the Louisiana Law Institute may wish to study these two Articles in that perspective.